IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PATSY YOUNG**                                                                             **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.** 1:22CV84-NBB-DAS

**SOUTHERN HOUSING ENTERPRISES, INC.**                  **DEFENDANTS**
**AKA SOUTHERN HOUSING OF NETTLETON, INC.;**
**CHAMPION HOME BUILDERS, INC.;**
**JOHN DOES #1-5; AND**
**XYZ CORPORATIONS #1-5**

### NOTICE OF REMOVAL OF CHAMPION HOME BUILDERS, INC.

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Champion Home Builders, Inc. ("Champion"), one of the defendants herein, by and through counsel, files its Notice of Removal of this civil action from the County Court of Lee County, Mississippi, to the United States District Court for the Northern District of Mississippi, Aberdeen Division, and as grounds for this removal, would show the following:

**I. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION**

        **A.**     ***THE COMPLAINT ASSERTS A CLAIM UNDER FEDERAL LAW***

1. Under 28 U.S.C. § 1331, "[t]he [federal] district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. The plaintiff's lawsuit asserts a federal law claim against Champion and its co-defendant under the Magnuson Moss Warranty-Federal Trade Commission Improvements Act, 15 U.S.C. §§ 2301-2312 (the "Act"). *See* ¶¶ 28-30 of the Complaint, Exhibit "A." The Act "creates a cause of action [under federal law] for breach of an express or implied warranty and governs the contents of such warranties." *Shaffer v. Palm Harbor Homes, Inc.*, 328 F.Supp.2d 633, 635 (N.D. Miss. 2004). Under the Act, "a consumer aggrieved by another party's failure to comply with the

statute" may "bring a civil action in federal court if the amount in controversy is no less than $50,000, exclusive of interest and costs." *Id.*

### B. <u>AMOUNT IN CONTROVERSY</u>

3. When a plaintiff "seeks an unspecified amount of damages, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Id.* The removing party may meet its burden of proof by (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum or (2) setting forth facts in controversy that support a finding of the requisite amount." *Id.*

4. It is both facially apparent from the Complaint in this case and the facts set out herein that the plaintiff's claims for damages exceed the $50,000 threshold. The Complaint seeks damages for various unspecified defects with the subject home, seeks recission of the purchase of the mobile home in question, seeks damages for negligent and intentional infliction of emotional distress, and seeks an award of punitive damages.

5. First, the plaintiff seeks both economic and emotional distress damages (compensatory damages) and punitive damages. Mississippi federal courts have repeatedly held that a claim for unspecified punitive damages is sufficient to satisfy the jurisdictional threshold ($75,000) for removal in diversity cases. *See Brasell v. Unumprovident Corp.*, 2001 WL 1530342, *2 (N.D. Miss. Oct. 25, 2001); *Montgomery v. First Family Fin. Servs., Inc.*, 239 F.Supp.2d 600, 605 (S.D. Miss. 2002). The fact that punitive damages are sought, alone, warrants a finding that this Court has jurisdiction over the plaintiff's claims.

6. Second, the purchase price of the mobile home in question was in excess of the jurisdictional threshold. *See* Affidavit of Scott Fosnot, Exhibit "B." As noted by Mr. Fosnot, the plaintiff paid in excess of $50,000 to purchase the home. Since the Complaint seeks a recission of

{D1946629.1}

the purchase of and return of the payment for the home, the Complaint sets out a claim for damages of more than $50,000.

## II. PROCEDURAL REQUIREMENTS ARE SATISFIED

7. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely since it was filed within thirty days of the receipt of the Complaint. Champion was served with the Summons and Complaint on May 23, 2022.

8. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Northern District of Mississippi, Aberdeen Division, since it is "the district and division embracing the place where such action is pending."

9. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached as Exhibit "A."

10. Pursuant to Local Uniform Civil Rule 5(b), Champion will file the entire state court record no later than fourteen days after the filing of this Notice.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the County Court Clerk of Lee County, Mississippi, and a copy of the Notice will be provided to all parties.

This, the 22nd day of June, 2022.

        Respectfully submitted,

        CHAMPION HOME BUILDERS, INC.

        BY:  */s/Timothy M. Peeples*
               TIMOTHY M. PEEPLES
               OF COUNSEL

TIMOTHY PEEPLES – MS BAR NO. 100103
tpeeples@danielcoker.com
JULIA B. JIMENEZ - MS BAR NO. 103787
jjimenez@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.

{D1946629.1}

265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: 662-232-8979
FACSIMILE: 662-232-8940

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record:

    Edwin H. Priest, Esq.
    Priest & Wise, PLLC
    PO Box 46
    Tupelo, MS 38802

    R. Shane McLaughlin, Esq.
    McLaughlin Law Firm
    338 North Spring St., Suite 2
    PO Box 200
    Tupelo, MS 38802

                                         */s/Timothy M. Peeples*
                                         TIMOTHY M. PEEPLES

{D1946629.1}