IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATSY YOUNG                                                                   PLAINTIFF

V.                                        CIVIL ACTION NO. 1:22-cv-84-NBB-DAS

SOUTHERN HOUSING ENTERPRISES, INC.,
AKA SOUTHERN HOUSING OF NETTLETON, INC.,
CHAMPION HOME BUILDERS, INC., ET AL.                    DEFENDANTS

## ORDER DENYING MOTION TO REMAND

Presently before the court is the plaintiff's motion to remand. Upon due consideration of the motion, response, and applicable authority, the court finds that the motion is not well taken and should be denied.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The plaintiff brings this action to recover damages under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (the "MMWA") for her allegedly defective manufactured home, purchased from the defendants. The MMWA "creates a cause of action for breach of an express or implied warranty and governs the contents of such warranties." *Shaffer v. Palm Harbor Homes, Inc.*, 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004) (citing 15 U.S.C. §§ 2301 *et seq.*).

The plaintiff initially filed this action in the County Court of Lee County, Mississippi, and the defendants timely removed the case to this court. The plaintiff's sole ground asserted in favor of remand is that, pursuant to the MMWA, this action may be brought "in any court of

competent jurisdiction in any State or the District of Columbia." 15 U.S.C. § 2310(d)(1). The plaintiff's argument, however, omits the fact that the MMWA allows a consumer aggrieved by a defendant's failure to comply with the Act to bring a civil action in federal court if the amount in controversy is no less than $50,000. 15 U.S.C. § 2310(d)(3)(B). *See also*, *Shaffer*, 328 F. Supp. 2d at 635.

It is uncontested in the present case that the plaintiff seeks recovery in excess of the jurisdictional threshold of $50,000, and indeed the court is satisfied by the face of the complaint that the requisite amount in controversy has been met such that federal jurisdiction has attached. The defendants' removal of the case to this court was therefore proper, and the plaintiff's motion to remand is without merit and should be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion to remand is **DENIED**.

This 21st day of March, 2023.

                                                 /s/ Neal Biggers
                                                 NEAL B. BIGGERS, JR.
                                                 UNITED STATES DISTRICT JUDGE